Filed 4/20/22  P. v. Hull CA2/5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE, | B312563 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. BA406893) |
| v. | |
| DAYONTE HULL, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, William C. Ryan, Judge.  Reversed and remanded with directions.

Marta I. Stanton, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Amanda V. Lopez, and Theresa A. Patterson, Deputy Attorneys General, for Plaintiff and Respondent.

———————————

Dayonte Hull appeals from the trial court's denial of his petition for resentencing under Penal Code section 1170.95.[1] Due to an intervening change in the law, the Attorney General agrees the denial must be reversed and the matter remanded. We agree, reverse the trial court's order denying the petition, and remand for further proceedings.

## FACTUAL AND PROCEDURAL BACKGROUND

### 1. *Underlying Conviction*

In 2012, Hull drove a fellow gang member to a rival gang's territory, where the fellow gang member shot at three rival gang members, killing one. (See *People v. Goodridge* (Oct. 12, 2016, B266061) 2016 WL 5929915, pp. **2-3, 9-10 [defendant Goodridge was the shooter].) In 2014, Hull pled guilty to one count of attempted murder (§§ 187, subd. (a), 664) and one count of voluntary manslaughter (§ 192, subd. (a)). The trial court sentenced Hull pursuant to a negotiated plea bargain to 18 years in state prison.

### 2. *Section 1170.95 Petition*

On March 29, 2021, Hull filed a petition for resentencing pursuant to section 1170.95. Hull requested the appointment of an attorney. On April 14, 2021, the trial court summarily denied the petition, finding Hull ineligible for resentencing as a matter of law because he was convicted of attempted murder and voluntary manslaughter, not murder.

---

[1] All further undesignated statutory references are to the Penal Code.

## DISCUSSION

Hull argues Senate Bill No. 775, effective January 1, 2022, expanded the resentencing provisions of section 1170.95 to include attempted murder and manslaughter. He contends that the trial court's order must be reversed because Senate Bill No. 775 applies to the trial court's order on his petition for resentencing the attempted murder and manslaughter convictions. The Attorney General concedes the point: "Because this case involved a guilty plea and there is no indication in the record as to whether the prosecution would have relied on the natural and probable consequences doctrine for attempted murder or relied on the felony murder or natural and probable consequences doctrines to pursue murder liability, appellant may be able to establish a prima facie showing of eligibility." We agree.

As recently amended, section 1170.95, subdivision (a), now provides that a petition for resentencing may be filed by "[a] person convicted of . . . attempted murder under the natural and probable consequences doctrine, or manslaughter . . . ." Remand is therefore necessary for the trial court to address Hull's petition. (See *People v. Porter* (2022) 73 Cal.App.5th 644, 647; *People v. Montes* (2021) 71 Cal.App.5th 1001, 1006.)

## DISPOSITION

The April 14, 2021 order denying Hull's section 1170.95 petition for the attempted murder and manslaughter convictions is reversed. On remand, the trial court is directed to appoint

3

counsel to represent Hull and proceed in a manner consistent with the pertinent provisions of section 1170.95.[2]

                                                    RUBIN, P. J.

WE CONCUR:


            BAKER, J.


            MOOR J.

---

[2]     See *People v. Lewis* (2021) 11 Cal.5th 952, 971-972 [where the record of conviction does not refute the claims of eligibility in the section 1170.95 petition, petitioner has made a prima facie showing for relief]; § 1170.95, subd. (b)(3) ["Upon receiving a petition in which the information required by this subdivision is set forth . . . if the petitioner has requested counsel, the court shall appoint counsel to represent the petitioner."].